## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EMMETT MITCHELL, on behalf of himself and other similarly situated laborers,<br><br>    Plaintiff,<br><br>  v.<br><br>ELITE LABOR SERVICES, LTD d/b/a ELITE STAFFING,<br><br>    Defendant. | Case No.<br><br>Judge<br><br>Magistrate Judge |

## CLASS ACTION COMPLAINT

Plaintiff Emmett Mitchell ("Plaintiff"), on behalf of himself and all other similarly situated laborers, for his Complaint against Elite Labor Services, LTD d/b/a Elite Staffing (hereafter "Elite Staffing"), states as follows:

### I.  INTRODUCTION

1.  This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); and under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section § 1981"), for Defendant's discrimination against African-American laborers in their practices in making assignments to work. Elite Staffing is a temporary staffing agency that assigns temporary laborers in its labor pool to its third party client companies for a fee. Since April 2013, Plaintiff has sought work assignments from Elite Staffing to Elite Staffing's client companies, but on one or more occasions was not assigned to one or more of Elite Staffing's client companies because of his race.

2.  Plaintiff will seek to certify a class pursuant to Federal Rule Civil Procedure 23(a) and (b) to pursue their Title VII and their § 1981 claims on behalf of himself and similarly situated African-American laborers. This Complaint names Elite Staffing for the pattern or

1

practice of excluding or severely restricting job assignments for African-American laborers. As all referrals for employment at issue in this action were made to Elite Staffing's client companies by Defendant Elite Staffing through its office in Chicago, Illinois near 55th Street, the claims encompassed by this action warrant certification as a class action.

## II.     JURISDICTION AND VENUE

3.     This Court has jurisdiction over Plaintiff's Title VII and § 1981 claims pursuant to 28 U.S.C. § 1331, arising under arising under 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981.

4.     Venue is proper in this judicial district as a substantial number of the facts and events giving rise to Plaintiff's claims occurred in this judicial district and as Defendant maintained their offices and transacted business within this jurisdiction.

5.     On April 23, 2014, Plaintiff filed charges of discrimination against Elite Staffing. On August 23, 2016, the EEOC issued Notices of the Right to Sue to Plaintiff, attached hereto as Exhibit A.

6.     The case is timely filed.

## III.     PARTIES

A.     <u>**Plaintiff**</u>

7.     Plaintiff Emmett Mitchell:

    a.     is African American and resides in this judicial district;

    b.     is and, at all relevant times, has been qualified to perform work for Elite Staffing;

    c.     is and, at all relevant times, has been qualified to perform work for many of Elite Staffing's client companies;

       d.     is and, at all relevant times, has been a "job applicant" at Elite Staffing's client companies; and

       e.     is and, at all relevant times, has been a laborer seeking work assignments from Elite Staffing at Elite Staffing's client companies.

**B.     Defendant**

8.     At all relevant times, Defendant Elite Staffing:

       a.     has been a corporation organized under the laws of the State of Illinois;

       b.     has been located in and conducted business in Illinois and within this judicial district;

       c.     has been an "employment agency" as that term is defined by 42 U.S.C. § 2000e(c);

       d.     has been a day and temporary labor service agency as defined by the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.*; and

       e.     has been an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1981(c).

**IV.     FACTUAL BACKGROUND**

9.     At all relevant times, Elite Staffing has operated as an employment agency with a branch office located at or near 55th Street in Chicago, Illinois ("Elite Staffing Chicago Branch Office").

10.     Elite Staffing is in the business of providing third-party client companies with low- and moderately-skilled laborers to fill jobs on a daily basis.

11.     Elite Staffing acts as an agent of its client companies in recruiting, training, assigning and paying laborers to work at the client companies' facilities.

12. Elite Staffing acts as a joint employer with its client companies in the assignment of laborers to work at the client companies' facilities.

13. As part of its business, Elite Staffing is constantly engaged in recruiting low- and moderately-skilled laborers to fill ongoing work orders. When a laborer seeks an assignment through Elite Staffing, such laborers are seeking to fill a daily job at any of the third-party client companies to which Elite Staffing supplies labor.

14. Elite Staffing permits individuals who walk into its Elite Staffing Chicago Branch Office to seek work assignments.

15. Individuals are referred for employment in the Elite Staffing Chicago Branch Office, regardless of whether they request to be referred to a particular employer.

16. When an individual comes to the Elite Staffing Chicago Branch Office seeking a work assignment, an Elite Staffing employee typically takes contact information for the individual and either refers the individual for employment or informs the individual that s/he will be contacted when a daily job becomes open to which s/he can be referred.

17. Before allowing an individual to apply for a position with Elite Staffing, Elite Staffing requires the individual to complete a pre-application.

18. After completing the pre-application, Plaintiff was told he would be contacted if there was work in the future.

19. During the relevant time period, Elite Staffing has or has had two versions of the pre-application, one in English and one in Spanish.

20. The English version of the pre-application, generally given to African-American laborers seeking work assignments, asks whether the laborers seeking work has a vehicle.

21. The Spanish version of the pre-application, generally given to Hispanic laborers seeking work assignments, does not ask whether the laborers seeking work have a vehicle.

22. On information, Hispanic laborers are favored for assignment to many of Elite Staffing's client companies.

23. African American laborers are often only assigned to Elite Staffing's client companies as a last resort.

24. In many instances, African American laborers are often only assigned to Elite Staffing's client companies if they have a vehicle to transport themselves and other of Elite Staffing's temporary laborers to and from Elite Staffing's client companies' locations.

25. The jobs for which the Elite Staffing Chicago Branch Office refers candidates do not require any special skills, training or qualifications.

26. From July 2012 through the present, Elite Staffing referred for employment thousands of laborers to its client companies.

27. During the period of April 2013 through the present, the Named Plaintiff has sought work at Elite Staffing's Chicago Branch Office or has been available for work assignments being made to Elite Staffing's client companies.

28. On those occasions when the Named Plaintiff sought work assignments at the Elite Staffing Chicago Branch Office, he was directed to sign in on sign-in sheets that indicated the order in which he had arrived.

29. Other African American laborers similarly sought work assignments from Elite Staffing's Chicago Branch Office during the period of July 2012 through the present and were directed to put their names on sign-in sheets that indicated the order in which they had arrived.

30. On each occasion the Named Plaintiff came to the Elite Staffing Chicago Branch Office to seek a work assignment, he waited in the Branch office in an attempt to receive a work assignment.

31. While Plaintiff was present in Elite Staffing's Chicago Branch he observed that many of the other laborers present in the Chicago Branch seeking work assignments, approximately a quarter to a third, were African American.

32. While at Elite's branch office in 2013, Plaintiff observed that many laborers who appeared Hispanic and spoke Spanish, were assigned to work while laborers who appeared to be African American were not assigned work.

33. On many of the occasions when the Named Plaintiff sought work at Elite Staffing's Chicago Branch Office or was available for work, he was not assigned to work even though there were assignments at Elite Staffing's client companies for which he was qualified.

34. Non-African American laborers received work assignments to Elite Staffing's client companies before African American laborers.

35. Non-African American laborers were given assignments to Elite Staffing's client companies before African American laborers even though they were no more qualified to perform the job.

36. Non-African American laborers were given assignments to Elite Staffing's client companies before African American laborers even though they arrived after the African American laborers.

37. The Elite Staffing Chicago Branch Office has had a practice of retaining contact information and/or applications completed by candidates for referral for at least several months.

38. For the period of April 2013 through the present, on many of the days when the Named Plaintiff was not present in the Elite Staffing Chicago Branch Office, he was available for assignments at Elite Staffing's client companies.

39. On such days, the Named Plaintiff was not contacted for work assignments even though there were assignments available for which he was qualified.

40.     On information, non-African American laborers were contacted for work assignments to Elite Staffing's client companies before African American laborers.

41.     Non-African American laborers were contacted for work assignments to Elite Staffing's client companies before African American laborers even though they were no more qualified to perform the job.

42.     Non-African American laborers were contacted for work assignments to Elite Staffing's client companies before African American laborers even though they had been seeking work at Elite Staffing for less time.

43.     The Named Plaintiff is and, at all relevant times, has been equally qualified to work at the Elite Staffing Chicago Branch Office's client companies as non-African-American laborers who sought and were given a work assignment at Elite Staffing's client companies.

44.     Other African-American laborers who sought work assignments from Elite Staffing's Chicago Branch office were likewise equally qualified to work at the client companies of Elite Staffing's Chicago Branch Office as Hispanic laborers who sought a work assignment from Elite Staffing's Chicago Branch Office and were given a work assignment at Elite Staffing's client companies.

45.     Elite Staffing failed or refused to assign Named Plaintiff to work at several of its client companies because of his race.

46.     Elite Staffing refused to assign other similarly situated African American laborers to work at its client companies because of his race.

47.     Elite Staffing assigned other, non-African-American laborers to work at its client companies to fill jobs that required no special education, knowledge or experience.

48.     Elite Staffing failed or refused to assign Plaintiff and other similarly situated African-American laborers to work at several of its client companies because it was complying

7

with a discriminatory request from the client companies to steer African-American laborers away from those companies.

49. Elite Staffing has engaged in a pattern and practice of offering to provide its client companies with Hispanic employees and to not assign or limit the assignment of African American laborers.

## V. CLASS ACTION ALLEGATIONS

50. The Named Plaintiff's claims are susceptible to class certification pursuant to Rule 23(a) and (b)(3), Fed.R.Civ.P.

51. The Class is defined to include "All African-Americans who sought work assignments through the Elite Staffing Chicago Branch Office and were eligible to work at one or more of Elite Staffing's client companies at any time from July 2014 through the present and who, on one or more occasion, were not assigned to work at one of Elite Staffing's client companies."

52. Certification of the class and subclass pursuant to Rule 23(a) and (b)(3) is warranted because:

       a. This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper, and the Defendant is located in this judicial district.

       b. The class is so numerous that joinder of all members is impracticable. Defendant jointly employed thousands of individuals who sought work assignments through the Chicago Elite Staffing Branch Office from July 2014 through the present. On information and belief, there were thousands of African American laborers who sought assignments to work at the Elite Staffing Chicago Branch Office at Elite Staffing's client companies.

8

c. One or more questions of law or fact are common to the class, including:

(i) Whether Elite Staffing has engaged in a pattern or practice of denying employment to African American laborers because of their race;

(ii) Whether Elite Staffing complied with discriminatory requests from its client companies to refrain from assigning African American laborers to work at those client companies;

(iii) Whether Elite Staffing is a joint employers of the laborers assigned to work at its client companies with those client companies;

(iv) Whether the conduct complained of herein constitutes a violation of Title VII;

(v) Whether the conduct complained of herein constitutes a violation of Section 1981;

(vi) Whether injunctive relief is warranted against Elite Staffing;

d. Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's Counsel are competent and experienced in litigating discrimination and other employment class actions;

e. The class representative and the members of the class have been subject to, and challenge, the same practices that are being challenged by the class;

f. Issues common to the class predominate over issues unique to individual class members and pursuit of the claims as a class action is superior to other available methods for the fair and efficient resolution of this controversy.

g. Adjudication of these claims as a class action can be achieved in a manageable manner.

53. Pursuit of the claims set forth herein through a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

9

## COUNT I
### Violation of 42 U.S.C. § 1981 – Race-based Discrimination
### Plaintiff on behalf of himself and a class of similarly situated African American laborers against Defendant Elite Staffing
### *Class Action*

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 53 as though set forth herein.

54.     This Count arises under § 1981 for Defendant Elite Staffing's discriminatory practices in assigning laborers to several of its client companies as described more fully in paragraphs 9 – 46, *supra*, which resulted in disparate treatment of Plaintiff and a class of African American laborers.

55.     Defendant Elite Staffing engaged in assignment practices that discriminated against Plaintiff and other similarly situated African American laborers on the basis of their race, African American, as described more fully in paragraphs 9 – 49, *supra*, thereby violating the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

56.     As described more fully in paragraphs 9 – 49, *supra*, Defendant Elite Staffing engaged in a pattern and practice of racial discrimination against Plaintiff and other similarly situated African American laborers based on his race as African Americans.

57.     As described more fully in paragraphs 9 – 49, *supra*, Defendant Elite Staffing's discrimination against Plaintiff and other similarly situated laborers based on their race as African Americans was intentional.

58.     Defendant Elite Staffing failed or refused to assign African American applicants to work at the several of its client companies in favor of Hispanic employees on the basis of their race as African Americans, as described more fully in paragraphs 9 – 49, *supra*.

59.     Defendant Elite Staffing's failure to assign Plaintiff and other similarly situated African-American laborers to work at its client companies was, at least in part, because it was

10

complying with a discriminatory request from those client companies to steer African American laborers away from their respective facilities in favor of Hispanic laborers.

60.     Defendant Elite Staffing failed to exercise reasonable care to ensure that its agents for hiring or assigning laborers did not engage in discriminatory hiring practices.

61.     Defendant Elite Staffing's conduct in not assigning Plaintiff and other similarly situated African American laborers to work at certain client companies was willful and/or reckless, warranting the imposition of punitive damages.

62.     As a direct and proximate result of the willful and reckless acts or omissions of Defendant Elite Staffing alleged in paragraphs 9 – 49, *supra*, all Plaintiff and similarly situated African-American laborers have suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

WHEREFORE, Plaintiff and the Class respectfully pray that this Court:

A. allow this action to proceed as a class action against Defendant Elite Staffing pursuant to Rule 23;

B. enjoin Defendant Elite Staffing from continuing or permitting future violations of § 1981 for racial discrimination against African-American laborers;

C. enter a judgment in his favor and against Defendant Elite Staffing for back pay damages for Plaintiff and the Class in amounts to be determined at trial;

D. for all reasonable attorney's fees and costs in bringing this action;

E. for such other relief as this Court deems just and equitable.

## COUNT II
### Violation of Title VII-Race-based Discrimination–Disparate Treatment
### Plaintiff on behalf of himself and a class of similarly situated African American laborers against Defendant Elite Staffing
### *Class Action*

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 62 as though set forth herein.

63.     This Count arises under Title VII for Defendant Elite Staffing's discriminatory practices assigning laborers through Elite Staffing, as described more fully in paragraphs 9 – 49, *supra*, resulting in disparate treatment of Plaintiff and a class of African American laborers.

64.     As described more fully in paragraphs 9 – 49, *supra*, Defendant Elite Staffing engaged in a pattern and practice of intentional discrimination against Plaintiff based on his race, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

65.     As described more fully in paragraphs 9 – 49, *supra*, Defendant Elite Staffing engaged in a pattern and practice of intentional discrimination against other similarly situated African American laborers based on their race, African American, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

66.     As a direct and proximate result of the above-alleged acts or omissions of Defendant Elite Staffing, Plaintiff suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

67.     Defendant Elite Staffing's conduct was willful and/or reckless, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff and the Class respectfully pray that this Court:

A.  allow this action to proceed as a class action against Defendant Elite Staffing pursuant to Rule 23;

B.  enjoin Defendant Elite Staffing from continuing or permitting future violations of Title VII for racial discrimination against African-American laborers in the Class;

C.  enter a judgment in their favor and against Defendant Elite Staffing for back pay damages for Plaintiff and the Class in amounts to be determined at trial;

D.  for all reasonable attorney's fees and costs in bringing this action; and

E.  for such other relief as this Court deems just and equitable.

**COUNT III**
**Violation of Title VII- Race-based Discrimination – Adverse Impact**
**Plaintiff on behalf of themselves and a class of similarly situated African American laborers as against Defendant Elite Staffing**
*Class Action*

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 67 as though set forth herein.

68.    This Count arises under Title VII for Defendant Elite Staffing's policy and practice of hiring Hispanic laborers over African American laborers as described more fully in paragraphs 9 – 49, *supra*, resulting in a significant adverse impact on Plaintiff and a class of African American laborers.

69.    As described more fully in paragraphs 9 – 49, *supra*, Defendant Elite Staffing has engaged in a practice of assigning primarily Hispanic laborers to work at its client companies.

70.    Elite Staffing's practice of showing preference for assigning Hispanic laborers over African American workers to work at its third party clients has caused a significant disparate impact on Plaintiff and other similarly situated African-American laborers in obtaining work assignments through Elite Staffing.

71.    As a direct and proximate result of the above-alleged acts or omissions of Defendant Elite Staffing, Plaintiff and other similarly situated African-American laborers suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

72.    Elite Staffing failed to exercise reasonable care to ensure that its agents did not engage in discriminatory assignment practices.

WHEREFORE, Plaintiff and the Class respectfully pray that this Court:

A. allow this action to proceed as a class action against Defendant Elite Staffing pursuant to Rule 23;

13

B.  enjoin Defendant Elite Staffing from continuing or permitting future violations of Title VII for racial discrimination against African-American laborers in the Class;

C.  enter a judgment in their favor and against Defendant Elite Staffing for back pay damages for Plaintiff and the Class in amounts to be determined at trial;

D.  for all reasonable attorney's fees and costs in bringing this action; and

E.  for such other relief as this Court deems just and equitable.

Respectfully submitted,

Dated: November 21, 2016

*/s/Christopher J. William*s
Christopher J. Williams
Alvar Ayala
Workers' Law Office, P.C.
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604
(312) 795-9121

Attorneys for Plaintiff

14